**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| HOWARD PHILLIP ANDRUS, III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:26-cv-00041-JAR |
| | ) | |
| ANDREA BETH GIBSON, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Before the Court are Plaintiff Howard Phillip Andrus, III's amended complaint (ECF No. 6), motion to appoint counsel (ECF No. 3), and motion for leave to proceed *in forma pauperis* (ECF No. 2). For the reasons set forth below, the Court will grant Plaintiff's motion for leave to proceed *in forma pauperis* and dismiss this action under 28 U.S.C. § 1915(e)(2)(B)(ii).

### I. Filing Fee

Congress mandates that federal courts collect a filing fee from a party instituting any civil action, suit, or proceeding. 28 U.S.C. § 1914(a). Courts may waive prepayment of this fee for individuals who demonstrate an inability to pay. *Id.* § 1915(a)(1). When a court grants such a waiver, the plaintiff may proceed *in forma pauperis*.

To obtain *in forma pauperis* status, a prisoner litigant must file an affidavit demonstrating the inability to pay. *Id.* In addition to the standard *in forma pauperis* affidavit, a prisoner must provide a certified copy of his inmate account statement for the "6-month period immediately preceding the filing of the complaint." *Id.* § 1915(a)(2).

If the prisoner litigant lacks sufficient funds, the Court assesses an initial partial filing fee equal to 20 percent of the greater of the average monthly deposits or the average monthly

balance in the prisoner litigant's account. *Id.* § 1915(b)(1). After that, the prisoner litigant must make monthly payments equal to 20 percent of his income until he pays the fee in full. *Id.* § 1915(b)(2). "The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid." *Id.*

Plaintiff filed a certified inmate account statement covering his transaction activity from December 4, 2025 through May 31, 2026. ECF No. 4. That account statement reflects an average monthly deposit of $263.57, and an average monthly balance of $841.27. Because the average monthly balance exceeds the average monthly deposit, the Court will assess an initial partial filing fee of $168.25, representing 20 percent of that figure.

## II. Background

Plaintiff is an inmate at the Moberly Correctional Center in Moberly, Missouri. After having previously pleaded guilty to first degree child endangerment, Plaintiff was found "loitering within 500 feet of" the Gallatin City Pool and the Gallatin Schools Football Field and playground on separate occasions. ECF No. 6 at 24–25. As a result, charges were brought against him. The Information listed his charges as "Child Endangerment Offender Present Within 500 Feet of Public Pool" and "Child Endangerment Offender Present Within 500 Feet of Public Sporting Complex," respectively. *Id.* However, Plaintiff's judgment lists his charge of conviction as "Sex offender physically present within 500 ft playground." *Id.* at 29.

Plaintiff submits that he was erroneously convicted as a sex offender due to longstanding personal conflicts with Andrea Beth Gibson (the Daviess County Prosecuting Attorney), Larry Adams, Jr. (the Daviess County Sheriff), and Laurie Parker (the Daviess County Deputy Sheriff). Plaintiff specifically alleges that several years ago, he "exposed" a number of electrical code

violations in Gallatin, Missouri on a website, which "embarrassed" Defendants' coworkers and friends. *Id.* at 3. Plaintiff also alludes to prior conflicts with Defendant Gibson's uncle and refers to Defendant Adams as an "enemy." *Id.* at 3, 7. According to Plaintiff, a desire for retribution prompted Defendants to alter the judgment to incorrectly describe him as a sex offender. Plaintiff further alleges that because of their misconduct, his prison "Face Sheet" erroneously identifies him as a sex offender, which has led to several assaults while Plaintiff has been incarcerated. *Id.* at 6.

## III. Legal Standard on Initial Review

Because Plaintiff is proceeding *in forma pauperis*, his complaint is subject to review under 28 U.S.C. § 1915(e)(2). That provision requires the Court to dismiss a complaint if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. The Court accepts a self-represented litigant's well-pleaded facts as true and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984) (per curiam). A "liberal construction" means that if the Court can discern "the essence of an allegation," the Court should construe the complaint in a way that permits it to consider the claim within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). Even so, self-represented plaintiffs must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980) (per curiam); *see also Stone*, 364 F.3d at 914–15 (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

## IV. Discussion

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 685 (1978). To state a claim under Section 1983, a plaintiff must establish (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Furthermore, "[l]iability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (noting that to be cognizable under § 1983, a claim must allege that the defendant was personally involved in or directly responsible for the incidents that deprived the plaintiff of his constitutional rights).

Plaintiff has failed to state a constitutional claim under 42 U.S.C. § 1983. Although the written judgment does appear to contain a clerical error—describing Plaintiff as a "[s]ex offender" rather than as a "child endangerment offender," ECF No. 6 at 24, 29—a "minor clerical error is not sufficient to raise an issue of constitutional significance." *Russell v. United States*, 11-cv-1104, 2013 WL 5651358, at *9 (E.D. Mo. Oct. 16, 2013). Because the clerical error does not amount to a constitutional injury, it is not actionable under Section 1983. Moreover, there is no evidence or facts alleged that any of the named Defendants contributed to or caused the clerical error. The Court notes that Plaintiff was represented by counsel at the time of his plea of guilty and that counsel may be able to assist him with remedying the error in the judgment.

Several of Plaintiff's other claims similarly fail to present constitutional injuries. In particular, his claims of intentional infliction of emotional distress, fraud, and slander are not cognizable under Section 1983. *See Burrow ex rel. Burrow v. Postville Cmty. Sch. Dist.*, 929 F. Supp. 1193, 1208 (N.D. Iowa 1996) ("[S]uffering emotional distress does not constitute a violation of a federally guaranteed right."); *Hudson v. Trillium Staffing*, No. 18-473, 2018 WL 1939495, at *3 (D. Minn. Mar. 14, 2018) ("[F]raud is a state law claim, not a constitutional claim."); *Miner v. Brackney*, 719 F.2d 954, 955 (8th Cir. 1983) (per curiam) ("[C]laims for defamation and slander are not cognizable under § 1983."). Furthermore, Plaintiff pleaded guilty to the instant offense, thereby foreclosing his claims of false arrest and malicious prosecution. *See Williams v. Schario*, 93 F.3d 527, 528–29 (8th Cir. 1996).

With regard to Plaintiff's contention that Defendants' allegedly retaliatory conduct led to several assaults during his incarceration, Plaintiff has not stated a claim upon which relief may be granted. Section 1983 requires a causal link between a defendant's conduct and the alleged constitutional violation, but Plaintiff does not allege that Defendants were "personally involved in or had direct responsibility for incidents that injured him" while imprisoned. *Martin*, 780 F.2d at 1338; *accord Madewell*, 909 F.2d at 1208. Instead, he asserts liability based on their arresting and prosecuting him, conduct which is too attenuated from the attacks to support his claim. He therefore fails to establish the requisite causal connection between Defendants' conduct and the alleged constitutional violation.

Finally, the Court notes that Plaintiff may have a claim regarding the conditions of his confinement. Such a claim is, however, wholly separate from his current complaint, the gravamen of which is that he was erroneously convicted as a sex offender.

Accordingly,

**IT IS HEREBY ORDERED** that the Court **GRANTS** Plaintiff's motion for leave to proceed *in forma pauperis* and assesses a partial filing fee of $168.25. Plaintiff must pay that sum to the Clerk of Court within **thirty (30) days** of the date of this order.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel is **DENIED** as moot.

A separate Order of Dismissal accompanies this Memorandum and Order.

Dated this 30th day of October, 2026.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE